## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN SIBALICH, *et al.*, | Civil Action No. |
| Plaintiffs, | 18-7818 (SDW) (LDW) |
| v. | |
| NATIONWIDE INSURANCE COMPANY, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

### **LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiffs' motion to remand this putative class action to the Superior Court of New Jersey, Law Division, Sussex County. (ECF No. 2). United States District Judge Susan D. Wigenton referred the motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions at ECF Nos. 3, 12, 13, and 16, and for good cause shown, the Court recommends that plaintiffs' motion for remand be **GRANTED**.

### I.  BACKGROUND

Plaintiffs Karen Sibalich, Margaret A. Owens, Spine Surgery Associates, and Ambulatory Surgical Center of Somerset bring this putative class action to recover Personal Injury Protection insurance benefits that defendant Nationwide Insurance Company allegedly failed to pay. (Compl. at ¶ 1, ECF No. 1-1). Plaintiffs initially filed the action in the Superior Court of New Jersey, Law Division, Sussex County on March 12, 2018. (Notice of Removal at ¶ 1, ECF No. 1). On March 14, 2018 at 3:20 p.m., a process server personally delivered the summons and complaint to Kim Mangan, a "legal department senior analist [*sic*]" at One Nationwide Plaza in Columbus, Ohio.

(Affidavit of Service, ECF No. 2-1). Plaintiffs filed an affidavit of service with the New Jersey state court on March 29, 2018. (*Id.*)

Nationwide employs CSC, a third-party service provider, to electronically manage and track its receipt of legal process. (ECF No. 12 at 3, n.2). On March 16, 2018, CSC generated a "Notice of Service of Process" alerting the appropriate personnel that Nationwide had been served in this action. (ECF No. 1-1). The notice states that the summons and complaint were "originally served on Nationwide Insurance Company" and describes the method of service as "Client Direct." (*Id.*) CSC also transmitted to Nationwide a copy of the summons and complaint bearing a handwritten notation "3/14/18 @ 3:20 p.m." (*Id.*) However, CSC's notice erroneously reported the date of service as March 15, 2018. (*Id.*)

On April 16, 2018, defendant removed the state court action to the United States District Court for the District of New Jersey, asserting that federal subject matter jurisdiction exists based on diversity of citizenship and the Class Action Fairness Act of 2005 ("CAFA"). (ECF No. 1 at ¶¶ 3, 8-31). On April 17, 2018, plaintiffs moved to remand this action to the state court. (ECF No. 2). They assert that defendant's purported removal of this action was untimely under 28 U.S.C. § 1446(b) because it filed the notice of removal more than 30 days after personal service of the summons and complaint was effectuated. Defendant does not dispute that its removal of the action was untimely, but it seeks to have the Court extend the removal period pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and the doctrine of equitable tolling.

## II. DISCUSSION

### A. Legal Standard for Removal

Section 1446(b) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy

of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). As cases in this district repeatedly have held, "it is well-established that the thirty day period for removal is mandatory and cannot be extended by the court." *Galvanek v. AT & T, Inc.*, Civ. A. No. 07-2759 (FLW), 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007); *see, e.g.*, *Niblack v. Pettway*, Civ. A. No. 13-3740 (JAP), 2013 WL 6244140, at *3 (D.N.J. Dec. 3, 2013); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 519 (D.N.J. 2012). The removing party bears the burden of establishing that removal was proper. *Eyal Lior v. Sit*, 913 F. Supp. 868, 874 (D.N.J. 1996).

Typically, courts must "construe the removal statutes strictly and resolve all doubts in favor of remand." *Yorker v. Manalapan Police Dep't*, Civ. A. No. 04-5170 (DMC), 2005 WL 1429879, at *2 (D.N.J. June 17, 2005). In deciding the instant motion, however, the Court acknowledges that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citations omitted).

### B. Analysis

The Court recommends that this action be remanded. The complaint was served on March 14, 2018, making April 13, 2018 the latest possible day to remove this action; defendant concedes that its April 16, 2018 notice of removal was untimely under 28 U.S.C. § 1446(b). Plaintiffs promptly sought remand based on this procedural defect. *See* 28 U.S.C. § 1447(c). While no antiremoval presumption applies to this case, there is no dispute that defendant missed the 30-day deadline for removal. Because this deadline is mandatory, remand is appropriate.

Neither Rule 6(b) of the Federal Rules of Civil Procedure nor the doctrine of equitable tolling provides grounds for the Court to disregard defendant's untimely removal. Under Rule

6(b)(1)(B), "[w]hen an act . . . must be done within a specified period," the court may extend the applicable time period "if the party failed to act because of excusable neglect." While this rule gives the court some discretion with respect to deadlines set by the Federal Rules of Civil Procedure or the Court itself, it does not provide a means to extend statutory time limits, which would include § 1446(b)'s strict 30-day removal period. *See, e.g., Sherrod v. Breitbart*, 720 F.3d 932, 937-38 (D.C. Cir. 2013); *Village Improvement Ass'n of Doylestown, Pa. v. Dow Chemical Co.*, 655 F. Supp. 311, 315 (E.D. Pa. 1987).

Even if the Court did have authority to extend the 30-day deadline to remove, defendant has not shown that its conduct was sufficiently blameless as to constitute "excusable neglect" under Rule 6(b). In determining whether a party has demonstrated excusable neglect, a court should "take into account all relevant circumstances surrounding the delay," including "'the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *In re Cendant Corp. Prides Litig.*, 189 F.R.D. 321, 324 (D.N.J. 1999) (quoting *Pioneer Invest. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[1] The court may place particular weight on the reason for the delay, especially where the proffered explanation is "wholly inadequate." *Wylie v. TransUnion, LLC*, Civ. A. No. 3:16-102, 2017 WL 4357981, at *6 (W.D. Pa. Sept. 29, 2017).

Here, defendant's delay in removing admittedly was brief and plaintiffs do not argue that they will be prejudiced. However, defendant's failure to file a timely notice of removal falls

---

[1] Typically, a request to extend time under Rule 6(b) that occurs after the expiration of the deadline should be made via motion. *See* Fed. R. Civ. P. 6(b)(1)(B). While defendant has not filed a formal motion under Rule 6(b), the Court will consider it a Rule 6(b) movant for purposes of addressing this argument.

4

squarely on its own shoulders. Defendant submits that it reasonably relied on the notice from CSC which contained an erroneous date of service. But CSC warned defendant that the Notice of Service of Process "does not constitute a legal opinion," and Nationwide itself is "responsible for interpreting the documents and taking appropriate action." ECF No. 1-1. Moreover, defendant should have and easily could have verified the deadline for removal: as highlighted in the CSC Notice, Nationwide was personally served with the summons and complaint and could have discussed the date of service with its own employee; the complaint it received included a handwritten notation showing the correct date of service; and plaintiff filed an affidavit of service with the correct date on the state court docket on March 29, 2018 (more than two weeks before defendant's removal to this Court), of which defendant had at least constructive notice. Given the strict time limit for removal under § 1446(b) and considering all the relevant circumstances, defendant has not shown excusable neglect.

The related, but more exacting, doctrine of equitable tolling may allow a court to extend certain deadlines where the litigant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir. 2014) (internal quotation omitted). The Supreme Court has stated in no uncertain terms that "a garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (internal citations omitted). CSC's reporting error cannot be considered egregious, and defendant's unfortunate – but entirely preventable – reliance on the date in the CSC Notice of Service of Process is not so extraordinary as to justify equitable tolling of the 30-day window for removal under § 1446(b).

### III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiffs' motion to remand this action (ECF No. 2) be **GRANTED**. The parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: September 4, 2018.

*Leda Dunn Wettre*
**Hon. Leda Dunn Wettre**
**United States Magistrate Judge**

Original:  Clerk of the Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
     All Parties